UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.   CR-02-2043-WFN |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | ORDER |
| DAVEY JOE BURSON, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant's pro se Motion for Writ of Audita Querela, filed March 15, 2005 (Ct. Rec. 72); Motion to Appoint Counsel, filed June 16, 2005 (Ct. Rec. 73); and Motion for Reconsideration, filed September 20, 2005 (Ct. Rec. 77).

The Court has reviewed the file and is fully informed. For the reasons stated below, the Motions are denied.

**I. BACKGROUND**

Mr. Burson was indicted on February 14, 2002 for: (1) conspiracy to manufacture and distribute a controlled substance; (2) manufacture of a controlled substance; (3) possession of a controlled substance with intent to distribute; and (4) possession of a firearm during the commission of a drug trafficking offense. Mr. Burson pleaded guilty to Counts 2 and 3 of the Indictment on July 3, 2002. On September 11, 2002, Mr. Burson was sentenced to a 120 month term of imprisonment. Mr. Burson had ten days to file a direct appeal of his sentence pursuant to Rule 4 of the Federal Rules of Appellate Procedure, but declined to do so.

ORDER - 1

In his motions, Mr. Burson contends that his sentence is infirm because the district court applied sentencing enhancements based upon facts which were not determined by a jury in violation of *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005), decided on June 24, 2004 and January 12, 2005 respectively. On July 21, 2005, the Court notified Mr. Burson of its intent to construe his motions as a Motion to Vacate, Set-Aside, or Correct a Sentence under 28 U.S.C. § 2255. (Ct. Rec. 74). The Court also gave Mr. Burson the appropriate *Castro* warnings and allowed him until August 22, 2005 to withdraw or amend his current motions. *See Castro v. United States*, 540 U.S. 375 (2003). On August 18, 2005, the Court received correspondence from Mr. Burson. (Ct. Rec. 75). Because there was a question regarding whether Mr. Burson had received the Court's Order dated July 21, 2005, the Court provided Mr. Burson with a duplicate copy of the Order and extended the withdraw or amend deadline to September 19, 2005. (Ct. Rec. 76).

Mr. Burson has responded to the Court's Orders with a Motion for Reconsideration, filed September 20, 2005, Ct. Rec. 77. In this motion, Mr. Burson again asserts that he prefers to proceed under the common law writ of *audita querela*, and reiterates that he does not believe that § 2255 applies.

## II. DISCUSSION

**A. Characterization of Motion.** Mr. Burson contends that he is entitled to *audita querela* relief pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 1651 based upon the Supreme Court's decision in *United States v. Booker and Fanfan,* 125 S.Ct. 738 (2005). He argues that he cannot obtain relief under § 2255 because the Court's judgment was lawful at the time it was entered. Mr. Burson asserts, however, that he should not be precluded from receiving the benefit of the *Booker* holding which made the United States Sentencing Guidelines advisory rather than mandatory. He repeatedly notes that his Motion for a Writ is not a § 2255 Motion. He also contends that this Court cannot construe or re-characterize

ORDER - 2

his Motion for a Writ as a § 2255 or second or successive § 2255 Motion without giving him the *Castro*[1] warnings and allowing him to contest the re-characterization.

Because Mr. Burson is insisting on proceeding under the common law writ of *audita querela,* the Court will not construe his motion as a § 2255 motion, but will instead deny the relief he seeks under the case law applying to common law writs.

**B. Analysis.**  The question presented by Mr. Burson is whether a federal prisoner may challenge his sentence through a writ of *audita querela* retroactively on the basis that the sentencing court applied the Federal Sentencing Guidelines as mandatory in violation of the subsequent decision by the Supreme Court in *United States v. Booker,* 125 S.Ct. 738 (2005).  The short answer is no.

This Court has jurisdiction over offenses against the laws of the United States, 18 U.S.C. § 3231, and may, in aid of its jurisdiction, issue writs of *audita querela* in appropriate cases.  28 U.S.C. § 1651;  *United States v. Morgan*, 346 U.S. 502 (1954).  Appropriate cases are those in which the writ fills some "gap" in the post-conviction relief system.  *United States v. Valdez-Pacheco,* 237 F.3d 1077, 1079 (9th Cir. 2001)(discussing the holding of *Morgan*).  A federal prisoner's post-conviction relief system includes the relief offered by 28 U.S.C. § 2255.  "[A] federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the post-conviction remedies." *Id.*

Here, Mr. Burson argues that § 2255 is ineffective to provide him with his requested relief: (1) that the Presentence Investigation Report be corrected; (2) that his judgment be corrected to impose a sentence without any enhancements that were not

---

[1]As noted above, the Court provided Mr. Burson with the *Castro* warnings in its Order dated July 21, 2005.  This Order was provided to Mr. Burson on August 23, 2005.

ORDER - 3

admitted or found by a jury; and (3) that he have the option of being re-sentenced under the advisory Guidelines. Mr. Burson is incorrect.

As the Court discussed in its prior order, § 2255 provides a post-conviction remedy when a new rule of constitutional law emerges after the statute of limitations has passed. In those cases, the statute provides that the limitation period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made <u>retroactively applicable</u> to cases on collateral review." 28 U.S.C. § 2255 (emphasis added). While it is certainly arguable that the principles discussed in *Blakely* and *Booker* constitute "newly recognized" rights, Mr. Burson's claim does not meet the second prong because the Ninth Circuit has determined that neither *Blakely* nor *Booker* are retroactive to cases on collateral review. *See Cook v. United States*, 386 F.3d 949 (9th Cir. 2004); *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005); *United States v. Murillo*, --- F.3d --- (9th Cir., Sept. 9, 2005). These limitations placed on post conviction remedies by Congress may not be circumvented by a prisoner "asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." *Valedez-Pacheco,* 237 F.3d at 1080. Thus, Mr. Burson is not entitled to a writ of *audita querela*.

### III. CONCLUSION

Mr. Burson is not entitled to a writ of *audita querela* as there is no gap in the post-conviction remedies available to him. Mr. Burson did not want his Motion for a Writ re-characterized as a § 2255 Motion and the Court will not do so. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Writ of Audita Querela, filed March 15, 2005, **Ct. Rec. 72**, is **DENIED**.

2. Defendant's Motion to Appoint Counsel, filed June 16, 2005, **Ct. Rec. 73**, is **DENIED**.

ORDER - 4

1  3. Defendant's Motion for Reconsideration, filed September 20, 2005, **Ct. Rec. 77**,
2  is **DENIED**.
3  4. The District Court Executive is directed to:
4  (a) File this Order; and
5  (b) Provide copies to the Defendant and to the United States Attorney, Spokane,
6  Washington.
7  **DATED** this 26th day of September, 2005.

                                    s/ Wm. Fremming Nielsen
                                    WM. FREMMING NIELSEN
10  09-23              SENIOR UNITED STATES  DISTRICT JUDGE

ORDER - 5